IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATOYA CHRISTMAS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 17-cv-1301 ) |
| AMAZON.COM LLC and DOES 1-20, | ) ) |
| Defendants. | ) ) |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Now comes the Plaintiff, LATOYA CHRISTMAS, by and through her attorneys, and brings this class action complaint against Defendants, AMAZON.COM LLC and DOES 1-20, on behalf of herself and a class and sub-class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff alleges and states as follows:

**INTRODUCTION**

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "EFTA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*, (the "CFDBPA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and the putative Class and Sub-Class members' bank accounts on a recurring basis, without proper authorization, thereby violating the EFTA and its accompanying regulations, and the CFDBPA. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. §§ 1331 and 1367, and 15 U.S.C. § 1693m(g).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides within this District, Defendant does or transacts business within this District, and/or a material portion of the events at issue occurred in this District

## PARTIES

5. Plaintiff, LATOYA CHRISTMAS ("Plaintiff"), is a natural person who was at all relevant times residing in Chicago, Cook County, Illinois.

6. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1693a(6).

7. Plaintiff is also a "consumer" as defined in 815 ILCS § 505/1(e).

8. On information and belief, Defendant AMAZON.COM LLC ("Defendant") is a limited liability company of the State of Delaware, which is licensed to do business in Illinois, and whose principal place of business is located at 410 Terry Avenue North, Seattle, Washington.

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting

within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11. On or about September 26, 2016, another individual, without Plaintiff's knowledge or consent, purchased consumer goods on Defendant's website using Plaintiff's debit card. Said individual also used Plaintiff's debit card to sign up for Defendant's one-year Amazon Prime membership (the "membership") at a cost of $99.00.

12. Said debit card was tied to Plaintiff's bank account at JPMorgan Chase and Co. Any charges made to Plaintiff's debit card resulted in electronic withdrawals being taken from Plaintiff's bank account.

13. Upon discovering these charges on her debit card, Plaintiff placed a telephone call to Defendant on or about September 29, 2016.

14. During the conversation that ensued, Plaintiff explained to Defendant's agent that the annual membership fee had been charged to Plaintiff's debit card without Plaintiff's knowledge or consent. Plaintiff also requested that the membership be cancelled.

15. Defendant agreed to cancel the membership and refund the $99.00 annual membership fee to Plaintiff's debit card.

16. Plaintiff is informed, believes, and thereupon alleges that had Plaintiff not canceled the membership, Defendant would have taken additional unauthorized, multiple and reoccurring payments from Plaintiff's bank account.

17. Despite Plaintiff's cancellation of the membership, Defendant continued to deduct funds from Plaintiff's account, without Plaintiff's consent or authorization.

18. Subsequent to Plaintiff's cancellation of the membership, and despite Plaintiff's clear revocation of authorization, Defendant withdrew another payment from Plaintiff's bank account, via a charge made to her debit card in the amount of $99.00, on or about September 30, 2016. The notation on Plaintiff's bank account statement for said withdrawal states "Recurring Card Purchase 09/30 Amazonprime Membersh Amzn.Com/Prme".

19. Upon discovering the September 30, 2016 charge on her debit card, Plaintiff placed another telephone call to Defendant and explained the facts outlined above. However, Defendant has failed and refused to refund the second $99.00 withdrawal from Plaintiff's bank account.

20. Plaintiff never provided Defendant with any authorization to deduct these sums of money from Plaintiff's bank account.

21. Furthermore, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these recurring or automatic payments.

22. Plaintiff alleges such activity to be in violation of the EFTA and its surrounding regulations, including, but not limited to, 12 C.F.R. §§ 1005.7, 1005.8 and/or 1005.9. Plaintiff also alleges such activity to be in violation of the CFDBPA.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows: All persons in the United States whose bank accounts were debited by Defendants after Defendants received a cancellation request for their memberships, for a period dating back one year prior to the filing of this Complaint.

24. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class") defined as follows: All persons in the

4

State of Illinois whose bank accounts were debited by Defendants after Defendants received a cancellation request for their memberships, for a period dating back three years prior to the filing of this Complaint.

25. Plaintiff represents, and is a member of, the Class, consisting of all persons in the United States whose bank accounts were debited by Defendants after Defendants received a cancellation request for their memberships, for a period dating back one year prior to the filing of this Complaint.

26. Plaintiff represents, and is a member of, the Sub-Class, consisting of all persons in the State of Illinois whose bank accounts were debited by Defendants after Defendants received a cancellation request for their memberships, for a period dating back three years prior to the filing of this Complaint.

27. Defendants, their employees and agents are excluded from the Class and the Sub-Class. Plaintiff does not know the number of members in the Class and the Sub-Class, but believes the Class and the Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28. The Class and the Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and the Sub-Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and the Sub-Class include hundreds, if not thousands, of members. Plaintiff alleges that the Class and the Sub-Class members may be ascertained by the records maintained by Defendants.

29. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and the Sub-Class are so numerous that joinder of the Class and the Sub-Class

5

members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

30. There are questions of law and fact common to the Class and the Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and the Sub-Class predominate over questions which may affect individual Class or Sub-Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' bank accounts were debited by Defendants on or after Defendants received a cancellation request for their memberships, for a period dating back one year prior to the filing of this Complaint;

    b. Whether the Sub-Class members' bank accounts were debited by Defendants on or after Defendants received a cancellation request for their memberships, for a period dating back three years prior to the filing of this Complaint;

    c. Whether Defendants required written confirmation of the membership cancellations and refused to honor oral cancellation requests for electronic fund transfers, as is permitted under 15 U.S.C. § 1693e(a) and 12 C.F.R. § 205.10(c)(1); and

    d. Whether Defendants violated the CFDBPA, 815 ILCS § 505/1, *et seq.*

31. As a resident of the United States and the State of Illinois whose bank account was debited on by Defendants on or about September 26, 2016 and September 30, 2016, and after Defendants had received a cancellation request for her membership, Plaintiff is asserting claims that are typical of the Class and the Sub-Class.

32. Plaintiff has no interest adverse or antagonistic to the interests of the other members

of the Class or the Sub-Class.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

34. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

36. Defendants have acted or refused to act in respects generally applicable to the Class and the Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class and the Sub-Class as a whole.

37. Defendants failed to comply with the requirements of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1) as to the Class and the Sub-Class members with respect to the above-alleged transactions.

38. Defendants also failed to comply with the requirements of the CFDBPA, 815 ILCS § 505/2, as to the Sub-Class members with respect to the above-alleged transactions.

39. The EFTA, 15 U.S.C. § 1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

40. 12 C.F.R. § 205.10(c)(1) provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer."

41. 815 ILCS § 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

42. In multiple instances, Defendants debited bank accounts of the Class and the Sub-Class members after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1), and in violation of the CFDBPA, 815 ILCS § 505/2.

43. The size and definition of the Class and the Sub-Class can be identified through Defendant's records and/or Defendant's agents' records.

### COUNT I
### VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. § 1693, *et seq.*

44. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 43 above as if fully reiterated herein.

45. The EFTA, 15 U.S.C. §1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

46. Section 205.10(c)(1) of Regulation E, 12 C.F.R. § 205.10(c)(1), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer."

47. In multiple instances, Defendants debited bank accounts of the Class and the Sub-Class members on a recurring basis after the consumers requested to stop payments of preauthorized electronic fund transfers from the consumers' accounts by notifying the financial institutions orally or in writing at least three business days before the scheduled date of the transfers, in violation of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1).

### COUNT II
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS § 505/1, *et seq.*

48. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 47 above as if fully reiterated herein.

9

49. Defendant's agent's representations to Plaintiff, made on or about September 29, 2016, that Defendant would cancel the membership and not make any further charges to Plaintiff's debt card were false.

50. Defendants' concealed, suppressed and/or omitted from Plaintiff the fact that her bank account would be debited another $99.00 annual membership fee even though she had cancelled the membership.

51. Defendants made these false promises, misrepresentations, concealments, suppressions and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions and omissions of material facts.

52. Defendants knowingly made the false promises, misrepresentations, concealments, suppressions and omissions of material facts described above.

53. 815 ILCS § 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

54. In committing the actions and omissions listed above, Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to 815 § ILCS 505/2.

55. By reason thereof, Plaintiffs are entitled to a judgment against Defendants, declaring Defendants' that conduct violated 815 ILCS § 505/2, enjoining Defendants from engaging in similar conduct in the future, and awarding actual damages, punitive damages,

injunctive relief, costs and attorneys' fees

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as Class and Sub-Class Counsel;

c. An order requiring Defendants, at its own cost, to notify all Class and Sub-Class Members of the unlawful, unfair, deceptive and unconscionable conduct herein;

d. Actual damages suffered as a result of Defendants' violations of the EFTA, pursuant to 15 U.S.C. § 1693m(a)(1);

e. $1,000 in statutory damages for each of Defendants' violations of the EFTA, pursuant to 15 U.S.C. § 1692m(a)(2)(A);

f. Awarding Plaintiffs all actual damages suffered as a result of Defendants' violations of the CFDBPA, pursuant to 815 ILCS § 505/10a(a);

g. Awarding Plaintiffs punitive damages for Defendants' violations of the CFDBPA, pursuant to the Court's ability to award "any other relief which the court deems proper," as set forth in 815 ILCS § 505/10a(a);

h. Witness fees, court costs and other litigation costs;

i. Reasonable attorneys' fees incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3) and 815 ILCS § 505/10a(c);

j. Pre- judgment and post-judgment interest; and

      k.      All other relief, general or special, legal or equitable, to which Plaintiff, the Class and the Sub-Class Members may be justly entitled as deemed by the Court.

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

LATOYA CHRISTMAS

By:    /s/ David B. Levin
          Attorney for Plaintiffs
          Illinois Attorney No. 6212141
          Law Offices of Todd M. Friedman, P.C.
          111 West Jackson Blvd., Suite 1700
          Chicago, IL 60604
          Phone: (312) 212-4355
          Fax: (866) 633-0228
          dlevin@toddflaw.com

          /s/ Todd M. Friedman
          Attorney for Plaintiff
          Illinois Attorney No. 6276496
          Law Offices of Todd M. Friedman, P.C.
          21550 Oxnard Street, Suite 780
          Woodland Hills, CA 91367
          Phone: (877) 206-4741
          Fax: (866) 633-0228
          tfriedman@toddflaw.com